IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

PETER CHARLES,
    Plaintiff,

v.                         CIVIL ACTION NO. 19-CV-5262

TIFFANY CO.
    Defendant.

**MEMORANDUM**

SÁNCHEZ, C.J.                                             NOVEMBER /2, 2019

*Pro se* Plaintiff Peter Charles has filed a Complaint using the Court's preprinted form. He has also filed a Motion to Proceed *In Forma Pauperis*. Because it appears that Charles is unable to afford to pay the filing fee, the Court will grant him leave to proceed *in forma pauperis*. For the following reasons, the Complaint will be dismissed with prejudice.[1]

**I.    FACTS**

Charles alleges that his civil rights were violated when he was ejected from the Tiffany Co. store on Walnut Street in Philadelphia on November 1, 2019. He asserts that the was looking at the merchandise for a young woman he is dating when a security guard told him the blanket he was wearing smelled like urine and asked him to leave. Charles left the store "feeling bad from these [prejudice] people because of my status that I'm currently in." (ECF No. 2 at 3.)[2] He asserts that the Defendant's action made him feel less than a human being. (*Id.*) He claims he has a civil right to shop. (*Id.* at 2.)

---

[1] Charles also filed an untitled "Motion" (ECF No. 3) in which he asks the Court to compensate him for his alleged injury. Because the Complaint is not plausible, the Motion will be denied as moot.

[2] The Court adopts the pagination supplied by the CM/ECF docketing system.

## II. STANDARD OF REVIEW

The Court will grant Charles leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B) requires the Court to dismiss the Complaint if, among other things, it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Charles is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

From the facts alleged in Charles's Complaint, the Court can discern no plausible basis for a civil right claim. The vehicle by which Charles may bring a civil rights claim is Section 1983 of Title 42 of the United States Code, which provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S.

2

42, 48 (1988). Tiffany Co., a private retailer, is not a "state actor" subject to liability under § 1983.

Accordingly, the Complaint will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and without leave to file an amended complaint since any attempt at amendment would be futile.

                    **BY THE COURT:**

                    _____
                    JUAN R. SÁNCHEZ, C.J.